IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES R. SEARCY,             ) | |
|     Plaintiff,             ) | |
|                  ) | |
| v.             ) | No. 3:12-CV-3891-M |
|                  ) | |
| DALLAS POLICE DEPARTMENT,             ) | |
|     Defendants.             ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     BACKGROUND**

Plaintiff is proceeding *pro se* and filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are the Dallas Police Department and Dallas Police Officers Wesley and Mason.

Plaintiff states that on October 6, 2012, he was walking on Commerce Street in Dallas, Texas, when he was stopped by Officers Wesley and Mason. He states the Officers accused him of public intoxication, but he explained to them that he was legally blind. He states the officers handcuffed him and arrested him for public intoxication. He states he told the officers the handcuffs were too tight, but they would not loosen the handcuffs. He claims he was required to have surgery on both hands due to the tight handcuffs. He also states he was falsely arrested and that the public intoxication charges were dismissed.

**II.    SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

**1.   Dallas Police Department**

Plaintiff names the Dallas Police Department as a defendant.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government).  Governmental offices and departments do not have a separate legal existence.  *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper

defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). The Dallas Police Department should therefore be dismissed.

**2.    Officers Wesley and Mason**

Plaintiff claims Officers Wesley and Mason falsely arrested him, handcuffed him too tightly and failed to loosen the handcuffs when he informed them the handcuffs were too tight. He states he suffered serious injuries to his hands as a result of the tight handcuffs. Taking Plaintiff's claims as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Officers Wesley and Mason should proceed and process should be issued as to these Defendants.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against the Dallas Police Department be dismissed with prejudice; and (2) Plaintiff's claims against Officers Wesley and Mason proceed and process should be issued as to these Defendants.

Signed this 5TH day of April, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).