UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES R. SEARCY,<br>    Plaintiff, | §<br>§<br>§ |
| v. | §   No. 3:12-CV-3891-M (BF) |
| | § |
| KENNETH WESTER and<br>MARK MASON,<br>    Defendants. | §<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court are Defendant Kenneth Wester's ("Officer Wester") Motion for Summary Judgment [D.E. 60] and Defendant Mark Mason's ("Officer Mason") Motion for Summary Judgment [D.E. 63]. For the reasons stated below, the undersigned recommends that the summary judgment motions be GRANTED.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983. Defendant Dallas Police Department has been dismissed. *See* Order [D.E. 30]. The remaining defendants are Dallas Police Officers Mark Mason and Kenneth Wester (collectively, the "Officers"). Plaintiff contends that on October 6, 2012, he was walking down Commerce Street in downtown Dallas when he was stopped by the Officers. *See* Compl. [D.E. 3 at 2]. Plaintiff states that the Officers accused him of public intoxication but that he explained to them that he was legally blind. *See id.* [D.E. 3 at 2]. Plaintiff contends that he told the Officers that the handcuffs that they placed on him were too tight, but that they would not loosen them. *See id.* [D.E. 3 at 2-3]. Plaintiff claims that he required surgery on both hands due to the injuries sustained from the handcuffs. *See* Answers

to Magistrate Judge's Questionnaire [D.E. 20 at 2]. Plaintiff contends that he was falsely arrested and that the charges of public intoxication have since been dismissed. *See id.* [D.E. 20 at 2]; Compl. [D.E. 3 at 3].

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## ANALYSIS

The Officers contend that they are entitled to summary judgment based on qualified immunity grounds. *See* Wester Summ. J. Mot. Br. [D.E. 61 at 8-10]; Mason Summ. J. Mot. Br. [D.E. 64 at 8-10]. Government officials are entitled to qualified immunity for the performance of discretionary functions unless their conduct violated statutory or constitutional rights that were clearly established at the time of the alleged incident of which a reasonable person would have known. *See Debose v. Castro*, No. 7:12-CV-21-O, 2015 WL 58758, at *4 (N.D. Tex. Jan. 5, 2015) (citing *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995); *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). In assessing whether the Officers are entitled to qualified immunity, the Court considers: (1) whether their conduct violated a constitutional right, and (2) whether their conduct was objectively unreasonable in light of clearly established law at the time of the violation. *See Oliver v. Profit*, No. 3:10-CV-2154-B (BK), 2013 WL 2182610, at *4 (N.D. Tex. May 20, 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The Court can begin its assessment with either prong. *See id.* If the Court answers both questions in the affirmative, the Officers are not entitled to qualified immunity. *See id.*

### 1. Excessive Force

Plaintiff contends that he told the Officers that the handcuffs that they placed on him when they arrested him were too tight, but that they refused to loosen them. *See* Compl. [D.E. 3 at 2-3]. Plaintiff claims that he required surgery on both hands due to the injuries sustained from the handcuffs. *See* Answers to Magistrate Judge's Questionnaire [D.E. 20 at 2]. Claims of excessive force used during an arrest must be analyzed under the Fourth Amendment and its reasonableness

standard. *See Oliver*, 2013 WL 2182610, at *4 (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). The force used by an officer during an arrest must be reasonably proportionate to the need for that force, the danger to the officer and the risk of flight. *See id.* In support of their summary judgment motions, the Officers submit affidavits stating that Officer Wester checked Plaintiff's handcuffs to ensure that they were not too tight and that Plaintiff did not complain about the handcuffs being too tight at the scene. *See* Wester App. [D.E. 62-1 at 1-2]; Mason App. [D.E. 65-1 at 1-2]. Further, when Plaintiff's arrest was being processed at the City Detention Center, the Officers contend that Plaintiff did not exhibit any visible signs of injury to his wrists. *See id.* [D.E. 62-1 at 2; D.E. 65-1 at 2]. Plaintiff never filed responses to the Officers' summary judgment motions, and the time to do so has passed. Thus, the Officers' uncontested facts establish that their actions were objectively reasonable in light of the clearly established law. Accordingly, Officer Wester and Officer Mason are entitled to qualified immunity with respect to Plaintiff's excessive force claim.

### 2. Unlawful Detention & Arrest

Unlawful detention and arrest claims arise under the Fourth Amendment, which protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *See Davalos v. Johns*, No. 3:11-CV-222-P, 2013 WL 1820313, at *6 (N.D. Tex. Apr. 30, 2012). Arrest and detention constitute seizures under the Fourth Amendment. *See id.* (citing *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2080 (2011); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 845 (5th Cir. 2009)). "The 'touchstone of Fourth Amendment analysis is reasonableness.'" *Id.* (citing *Ohio v. Robinette*, 519 U.S. 33, 39 (1996); quoting *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)). Courts measure reasonableness "in objective terms by examining the totality of the circumstances." *Robinette*, 519 U.S. at 39. Those circumstances include

the law enforcement official's expertise and experience. *See id.* (quoting *Mack v. City of Abilene*, 461 F.3d 547, 552 n.1 (5th Cir. 2006)).

Plaintiff contends that he was falsely arrested for public intoxication and that those charges of public intoxication have since been dismissed. *See* Answers to Magistrate Judge's Questionnaire [D.E. 20 at 2]; Compl. [D.E. 3 at 3]. An arrest is unreasonable when it is not supported by probable cause to believe that the person arrested committed or was committing an offense. *Davalos*, 2013 WL 1820313, at *6 (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004)). Probable cause exists where the facts and circumstances within an officer's knowledge, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed. *See id.* (quoting *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009)). Probable cause does not require an actual showing of criminal activity, only a substantial chance of such activity. *See id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983)). Probable cause does not require a preponderance of the evidence to show that the belief was true. *See id.* (citing *United States v. Pack*, 612 F.3d 341, 352 n.7 (5th Cir. 2010)).

In Texas, a person commits an offense if he appears in a public place while intoxicated to the extent that he may be a danger to himself or another person. *See Fraga v. City of Dallas*, No. 3:11-CV-2404-M (BK), 2012 WL 2679443, at *3 (N.D. Tex. June 14, 2012) (citing TEX. PEN. CODE § 49.02(a)). "A person is intoxicated within the meaning of Texas law, when that person does not have 'the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body.'" *Davalos*, 2013 WL 1820313, at *7 (citing TEX. PEN. CODE §

5

49.01(2)(A)). The test for whether probable cause existed for a public intoxication arrest is whether the officer's knowledge at that time would warrant a prudent person to believe that the suspect was a danger to himself or another person. *See Fraga*, 2012 WL 2679443, at *3 (citing *Rodrigues v. State*, 191 S.W.3d 428, 445 (Tex. App.-Corpus Christi, 2006, pet ref'd)).

As applied to the qualified immunity inquiry, Plaintiff must show that the Officers reasonably could not have believed that they had probable cause to arrest Plaintiff for any crime. *See id.* (quoting *Good v. Curtis*, 601 F.3d 393, 401 (5th Cir. 2010)). The Officers are entitled to qualified immunity with respect to the false arrest claim if a reasonable officer in their position could have believed that there was a fair probability that Plaintiff committed or was committing an offense in light of the totality of the facts and circumstances known. *See id.* (citing *Haggerty*, 391 F.3d at 656). Law enforcement officials who mistakenly, but reasonably believed that probable cause existed are still entitled to qualified immunity. *See id.* (citing *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995); *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)).

Unlike claims for unlawful arrest that require the seizure to be supported by probable cause, some limited detentions may be made on less than probable cause as long as law enforcement has an articulable basis for suspecting criminal activity. *See Davalos*, 2013 WL 1820313, at *7 (citing *Michigan v. Summers*, 452 U.S. 692, 699 (1981)). In order to overcome the qualified immunity defense with respect to an unlawful detention claim that falls short of an actual arrest, the plaintiff must establish that the detention was not based on a reasonable suspicion supported by articulable facts that criminal activity was taking place. *See id.* (quoting *Coons v. Lain*, 277 F. App'x 467, 470 (5th Cir. 2008); citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

6

In the case at hand, Officer Wester, who has been a Dallas Police Officer since 2005, and Officer Mason, who has been a Dallas Police Officer since 1984, encountered Plaintiff who smelled of alcohol, had bloodshot eyes and had slurred speech. *See* Wester's App. [D.E. 62-1 at 1]; Mason App. [D.E. 65-1 at 1]. Plaintiff walked into a construction sign on the sidewalk and almost fell down. *See id*. [D.E. 62-1 at 1; D.E. 65-1 at 1]. These uncontested facts establish probable cause to believe that Plaintiff was a danger to himself or another person. Plaintiff's contention that he is legally blind is not dispositive. Probable cause is an objective determination based on the circumstances that existed at the time of arrest. *See Saldana v. Garza*, 684 F.2d 1159, 1164 (5th Cir. 1982) (citing *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)). Plaintiff was not using a cane or any other aid such as a seeing-eye dog, and he was walking alone, unaided in a busy urban area. *See* Wester's App. [D.E. 62-1 at 1]; Mason App. [D.E. 65-1 at 1]. In addition, the Officers noticed that Plaintiff's eyes followed in their direction during their conversations with Plaintiff. *See id.* [D.E. 62-1 at 1; D.E. 65-1 at 1]. Thus, the undersigned finds that the Officers had probable cause to arrest Plaintiff for public intoxication and had an articulable basis for temporarily detaining him in connection with that arrest.

Even if the Officers did not have probable cause to arrest Plaintiff for public intoxication, they would nonetheless be entitled to qualified immunity because their actions were objectively reasonable in light of clearly-established law at the time of the violation. The Officers' qualified immunity remains intact if officers of reasonable competence could disagree about whether Plaintiff's rights were violated. *See Tarver*, 410 F.3d at 750. Therefore, in order to overcome qualified immunity, Plaintiff must allege facts permitting an inference that the Officers lacked arguable probable cause for Plaintiff's arrest. *See Club Retro, L.L.C., v. Hilton*, 568 F.3d 181, 207 (5th Cir. 2009) (citation omitted). Under the relevant facts discussed, the undersigned concludes that

7

a reasonably competent officer could have arguably believed that he had probable cause to arrest Plaintiff for public intoxication and had reasonable suspicion for Plaintiff's detention prior to that arrest. *See Davalos*, 2013 WL 1820313, at *8 ("Regardless of any denial of intoxication, if the facts in evidence indicate that Defendant was justified in believing that Plaintiff was intoxicated, then Defendant is entitled to qualified immunity on the claim of wrongful arrest. . . . The same is true with respect to qualified immunity on the claimed unlawful detention that occurred prior to the arrest."). Therefore, the Officers are entitled to qualified immunity on Plaintiff's unlawful arrest and detention claims.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Officer Wester's Motion for Summary Judgment [D.E. 60] and Officer Mason's Motion for Summary Judgment [D.E. 63].

**SO RECOMMENDED**, this 26th day of January, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).